In the Matter of **TRICE PRODUCTION COMPANY**, Debtor.

No. 3901.

United States District Court
E. D. Texas,
Tyler Division.

Jan. 4, 1965.

Philip I. Palmer, Palmer, Green, Palmer & Gilmore, Dallas, Tex., for Dr. Martin O. Miller.

F. Lee Lawrence, Lawrence & Lawrence, Tyler, Tex., for Joe D. Huffstutler, trustee.

SHEEHY, Chief Judge.

This is a corporate reorganization proceeding under Chapter X of the Bankruptcy Act, which was commenced in this Court on October 15, 1962. The Debtor is Trice Production Company which will hereinafter be referred to as Trice. Joe D. Huffstutler is the duly appointed, qualified and acting trustee in this proceeding and will be referred to hereinafter as the Trustee.

Among the assets of the Debtor at the time of the commencement of this proceeding was an oil, gas and mineral lease and a joint operating agreement, hereinafter referred to as "lease," dated August 1, 1961, between Martin O. Miller, hereinafter referred to as Dr. Miller, as lessor, and Trice, as lessee, covering certain lands in Cameron Parish, Louisiana. Said lease is duly recorded in Book 171 in the office of the Clerk of the 14th Judicial Court of Cameron Parish, Louisiana, bearing file No. 92937, to which record reference is made for a full description of the lands covered by said lease. Paragraph 7 of said lease provides as follows:

"Lessee shall have a reasonable time to locate and utilize a market for gas and so long as reasonable diligence is exercised in this direction, any gas well shall be considered as producing hereunder. This right, however, shall not exceed three (3) years from the date of completion of the well."

In Paragraph 16 of the Order Approving the Debtor's Petition entered in this proceeding on October 15, 1962, it is provided in part as follows:

"and all creditors and stockholders, and all sheriffs, marshals and other officers, and their respective attorneys, servants, agents and employees, and all other persons, firms and corporations be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing any action at law or suit or proceeding in equity against said debtor or said trustee in any court, or from executing or issuing or causing the execution or issuance out of any court of any writ, process, summons, attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or enforcing a lien upon any property owned by or in the possession of the said debtor or said trustee, *and from*

*doing any act or thing whatsoever to interfere with the possession or management by said debtor or said trustee of the property and assets of the within estate,* or in any way interfere with said trustee in the discharge of his duties herein, or to interfere in any manner during the pendency of this proceeding with exclusive jurisdiction of this court over said debtor and said trustee and their respective properties; and all persons, firms or corporations owning any lands or buildings occupied by said debtor or said trustee or wherein is contained any property of the within estate be, and they hereby are jointly and severally, stayed pending the further order of this court, from removing or interfering with any such property." (Emphasis supplied)

In 1961 Trice caused a well to be drilled on a portion of the lands covered by the lease, above referred to, in an attempt to find oil and/or gas in paying quantities. Two zones of gas production in commercial quantities were found. Although said well was completed as a dual producer, with production from each of the productive zones, only one bore hole was drilled. In the record the well is sometimes referred to as Miller Well No. 1 and Miller Well No. 1–D. However, for convenience said well will be referred to hereinafter as the Miller Well No. 1.

Subsequent to the completion of the Miller Well No. 1 Trice, as well as Dr. Miller, had much difficulty in obtaining a buyer for the gas the Miller Well No. 1 was capable of producing. Finally, in the summer of 1963 the United Gas Company agreed to purchase gas from the Miller Well No. 1 and submitted a contract for the approval of the interested parties including Dr. Miller and Trice. In November 1963 Dr. Miller executed said contract and forwarded same to Trice after consulting not only his geologist but his attorneys. Trice's attorney, upon examining the contract, determined that the terms of same might affect the price of other gas being produced in the area in which Trice and Dr. Miller had an interest and called such fact to Dr. Miller's attention. Dr. Miller then insisted that the contract be restricted to the Miller Well No. 1. Thereafter Trice had further lengthy negotiations with United Gas Company in an effort to obtain such a restriction in the contract. In July 1964 United Gas Company finally agreed to a contract with such a restriction in it and submitted a contract so restricted for signature of Trice and Dr. Miller. Dr. Miller refused to sign such contract giving first as his reason for such refusal the fact that Republic Supply Company held a mechanic's lien on the Miller Well No. 1 which had not been satisfied and released. After the Republic Supply Company lien, which lien was in full force and effect at the time Dr. Miller signed the gas purchase contract in November 1963, as aforesaid, had been fully satisfied and discharged, Dr. Miller on or about November 30, 1964, for the first time advised a representative of the Trustee that he would not sign the last gas purchase contract submitted by United Gas Company because it was his contention that the lease, above referred to, had expired because Trice had not located and utilized a market for the gas from the Miller Well No. 1 within three years from the date of the completion of said well as required by the provisions of Paragraph 7 of the lease above quoted. In that connection Dr. Miller contended that the well was completed within the meaning of Paragraph 7 of said lease on October 27, 1961.

On December 5, 1964, the Trustee filed herein an Application for a show cause order requiring Dr. Miller to appear and show cause why:

(1) He should not execute the contract with United Gas Pipe Line Company and permit the debtor estate to enjoy the sale of gas therefrom;

(2) He should not be enjoined from asserting that the said lease has terminated for failure to locate and utilize a market for gas; and

(3) He should not grant access to the Trustee and Trice Production Company and such ingress and egress on and across his land for purposes of laying a pipeline for use in marketing the gas from said well.

On that date the show cause order as prayed for by the Trustee was entered directing Dr. Miller to appear in this Court at two o'clock p. m., on December 9, 1964. Said order further directed the Trustee to serve a copy of said order on Dr. Miller at his office address in New Orleans, Louisiana, by registered mail with return receipt requested. A copy of such order was duly received by Dr. Miller by registered letter from the Trustee in Dr. Miller's office in New Orleans, Louisiana, on December 7, 1964.

On December 9, 1964, Dr. Miller, through his attorneys, entered a special appearance in this matter objecting to the jurisdiction of this Court to proceed in this matter on the following grounds:

(1) The shortness of time between the time Dr. Miller received the notice of the Show Cause Order and the time set for the hearing thereon resulted in a deprivation of Dr. Miller's right to due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States; and

(2) This Court lacks summary jurisdiction over Dr. Miller and the lease in question and over this proceeding.

Dr. Miller, through his attorneys, and subject to his special appearance, answered herein contending among other assertions that the Miller Well No. 1 was completed on October 27, 1961, and since the Trustee had not located and utilized a market for the gas from such well within three years from said alleged completion date, the lease, by virtue of the provisions of Paragraph 7 thereof, hereinabove quoted, had been terminated. Subsequent to the Court having heard the evidence offered by the parties, respectively, and before the Court had pronounced its judgment, the parties filed herein, on December 11, 1964, a stipulation they had entered into. Such stipulation is hereby referred to and made a part hereof.

In view of the provisions of Paragraph 9 of the stipulation of the parties filed herein on December 11, 1964, there is no longer any merit to the first ground asserted by Dr. Miller in his special appearance if there ever were any merit to such ground. The second ground is likewise without merit because Trice and/or the Trustee have had possession of the lease in question and the Miller Well No. 1 from before the time drilling operations on said Miller Well No. 1 commenced up to this time.

In view of the stipulations made by the parties in the stipulation filed herein on December 11, 1964, the only question raised by the Trustee's Application for a Show Cause Order remaining for decision is whether Dr. Miller should be enjoined from asserting that the lease in question has terminated for failure to locate and utilize a market for the gas from the Miller Well No. 1. If the Miller Well No. 1 was not completed on October 27, 1961, and was not completed prior to December 15, 1961, within the meaning of the provisions of Paragraph 7 of the lease, above quoted, Dr. Miller has no right to assert that said lease has terminated for failure to locate and utilize a market for the gas from said Miller Well No. 1.

After considering all the evidence bearing on the issue, the Court finds and concludes that the Miller Well No. 1, which includes the production from both zones, was not completed within the meaning of the provisions of Paragraph 7 of the lease, above quoted, until December 15, 1961. In view of the finding just made, it will not be necessary to discuss or decide the other contentions made by the Trustee as to why Dr. Miller should be enjoined from asserting that the lease in question has terminated.

A decree will be entered enjoining Dr. Miller, his agents and representatives and those acting in concert with him and his agents and representatives from asserting that the lease in question has ter-

minated because of failure to locate and utilize a market for gas from the Miller Well No. 1, including the production from both zones, within three years from the completion of such well.